IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TRAVIS PARKER ROBISON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DISMISSING § 2255 PETITION**<br><br>Case No. 2:20-cv-443<br><br>Judge Clark Waddoups |

This matter is before the court on Petitioner Travis Parker Robison's § 2255 petition challenging his § 924(c) conviction based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Supp. Mem. at 1 (ECF No. 11). After the petition was filed, Petitioner requested that the court stay the case pending the anticipated filing of a petition for a writ of certiorari in *United States v. Toki*, 822 Fed. Appx. 848 (10th Cir. 2020), a Tenth Circuit case involving related issues. Notice at 1 (ECF No. 4). Although a stay was not officially entered in this case, the court deferred ruling on the petition.

On March 29, 2022, the court ordered that "this case should proceed to resolution" and set a supplemental briefing schedule. Docket Text Order (ECF. No. 10). The parties then timely filed their respective supplemental briefs (ECF Nos. 12, 13), and the United States later filed additional supplemental authority. Notice of Supp. Auth. (ECF No. 14). Petitioner responded to the Supplemental Authority. Response (ECF No. 15). The United States filed an additional Notice of Supplemental Authority (ECF No. 16). For the reasons stated below, the court dismisses Mr. Robison's § 2255 petition.

### I.   THE TENTH CIRCUIT'S DECISION IN *BAKER* REJECTS PETITIONER'S ARGUMENTS AND IS BINDING PRECEDENT FOR THIS COURT

Mr. Robison pleaded guilty to violating 18 U.S.C. § 924(c) in connection with a Hobbs Act robbery. Petitioner argues that the court should vacate his convictions because Hobbs Act robbery can be accomplished by threatening to injure intangible property or by injuring tangible property without the use of violent force. Thus, he argues, it is not a crime of violence under § 924(c), and his § 924(c) convictions must be vacated.

After Mr. Robison filed his supplemental brief, the Tenth Circuit issued *United States v. Baker*, 49 F.4th 1348 (10th Cir. 2022),[1] which was the subject of the United States' Notice of Supplemental Authority. Notice of Supp. Auth. (ECF No. 14). In *Baker, the* Tenth Circuit rejected the same arguments Mr. Robison makes here. In Mr. Robison's response, however, he argued that *Baker* is not binding because it was unpublished and because its flawed reasoning. Response (ECF. No 15). Soon thereafter, the United States advised the court that the Tenth Circuit had granted the United States's motion to publish the *Baker* decision nunc pro tunc, which made the *Baker* decision binding on this court. Notice of Supp. Auth. (ECF No. 16).

Accordingly, because the Tenth Circuit has rejected the specific arguments made by Mr. Robison, and because the decision is binding precedent, Petitioner's § 2255 petition is dismissed.

### II.   DENIAL OF CERTIFICATE OF APPEALABILITY

The court denies a certificate of appealability because *Baker* left no room for reasonable debate.

---

[1] When *Baker* was initially decided, it was not a published decision. In an Order dated September 26, 2022, the Tenth Circuit granted the Government's Motion to Publish Order and Judgment. *See United States v. Baker*, No. 20-3062 (10th Cir. Sept. 26, 2022).

### III. CONCLUSION & ORDER

For the reasons stated above, the court DISMISSES Mr. Robison's § 2255 petition and denies a certificate of appealability.

DATED this 15th day of November, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Judge